IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANDON ADAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-479-CFC |
| NAVIENT, | : |
| Defendant. | : |

Brandon Adams, Las Vegas, Nevada.  Pro Se Plaintiff.

# MEMORANDUM OPINION

January 16, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Brandon Adams appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff brings claims against Defendant Navient, a student loan servicer based here in Delaware, predicated on Navient's alleged misreporting of a student loan debt because Plaintiff handwrote a Form 1099-C representing himself as the creditor and advising the Internal Revenue Service he forgave $100 million in debt owed by Navient to him.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the

2

assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

## III. DISCUSSION

This is not the first time Plaintiff has tried this scheme. Notably, in *Adams v. Transunion Consumer Solutions*, No. 2:23-1626-MAK (E.D. Pa.), following oral argument, the district court dismissed a nearly identical lawsuit as frivolous. In doing so, the court referred "Plaintiff's filing of false information in court based on an alleged misrepresentation to the Internal Revenue Service to the United States Attorney for the Eastern District of Pennsylvania." *Id.*, D.I. 26. This suit is also frivolous, and no amendment can cure its frivolity.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

This Court will issue an Order consistent with this Memorandum Opinion.

3